IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| El CRUZ LOGAN, } | |
|     Plaintiff, } | |
| v. } | CV-2023- 804-F |
| 1. OKLAHOMA CITY POLICE } | |
|    DEPARTMENT, Ex rel. } | |
|    CITY OF OKLAHOMA CITY, } | |
| 2. JASON HODGES, } | |
| 3. DANIEL PONDER, } | |
| 4. AUTUMN SHEETS, } | |
|     Defendants, } | |

## COMPLAINT

COMES NOW, Plaintiff, El Cruz Logan, (formerly known as Lamar Euguene Logan) by and through his attorney of record, Timothy D. Beets, of Midtown Attorneys, P.C., and for his causes of action against the above-named Defendants, alleges and states as follows:

### JURISDICTION AND VENUE

This action arises under the provisions of 42 U.S.C. §1983. This court has original jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3), and venue is proper herein as provided in 28 U.S.C. §1391). Plaintiff originally filed this action on December 21, 2022. The Court dismissed the matter "without prejudice" to the re-filing of the same on April 18, 2023.

### FACTS COMMON TO ALL COUNTS

1. Plaintiff, El Logan, is a resident of Oklahoma County, State of Oklahoma, and was a resident of Oklahoma County, State of Oklahoma on the date of actions of the Defendants giving rise to this Complaint.

2. Defendant, Jason Hodges, is an employee of the City of Oklahoma City Police Department, as a law enforcement officer with badge number 1142, and is a resident of the State of Oklahoma.

3. Defendant, Dustin Ponder is an employee of the City of Oklahoma City Police Department, as a law enforcement officer with badge number 2090, and is a resident of the State of Oklahoma.

4. Defendant, Autumn Sheets, is an employee of the City of Oklahoma City Police Department, as a law enforcement officer with badge number 1805, and is a resident of the State of Oklahoma.

5. The actions of the Defendants giving rise to this Complaint occurred on the 17th day of September, 2021, in Oklahoma City, Oklahoma County, State of Oklahoma.

6. Defendant, City of Oklahoma City, is a municipality and a political subdivision of the State of Oklahoma and subject to the liabilities imposed by applicable Federal Law.

7. Plaintiff, El Logan, is a YouTube Journalist who regularly publishes stories about fraud, waste and abuse in government agencies, under the monicker Channel XII. Plaintiff is what is commonly referred to as a Public Service Auditor who makes it a regular practice to video and comment upon the state of affairs and conditions of equipment related to governmental agencies. On the date in question, Plaintiff was present upon a parking lot leased by the City of Oklahoma City, as a parking lot for Police Vehicles. Land leased by governmental agencies, which is not otherwise protected by law or proper posting and considered public lands. At all times relevant to this Complaint, Defendants were aware of the identity and profession of Plaintiff.

8. On the 17th day of September, 2021, the Defendants, Hodges, Ponder and Sheets as employees of the Defendant, City of Oklahoma City, purporting to act under the Color of State Law, did unlawfully detain the Plaintiff, whom was lawfully upon public property, and caused the Plaintiff to be falsely imprisoned for a period in excess of 10 hours in violation of his statutory and constitutional rights.

9. On the 17th day of September, 2021, officer Hodges, dressed in plain clothes, claimed to be a contractor working in the Police Department, asserting that his rights were being violated by the Plaintiff videotaping in a parking lot leased by the City of Oklahoma City.

10. The Defendants made it known to Plaintiff, prior to his arrest, that they knew who he was, indicating that even without Plaintiff explaining his presence on the date in questions, that the Defendants were fully aware that Plaintiff recorded and published online reports regarding fraud, waste and abuse of public agencies.

11. After Hodges temporary left the Scene, and presumably notified other officers including Sheets, Sheets, without provocation, approached and engaged the Plaintiff. Sheets alleged that the Plaintiff was trespassing and needed to leave the premises. Defendant sheets was advised of the law by Plaintiff that the parking lot was considered public property.  Accordingly, Plaintiff lawfully and respectfully denied the request to leave the premises and stated that he would leave under threat of arrest.  Despite repeated inquiries by Plaintiff to Defendants if they were stating they would arrest him, if he did not leave, Defendants refused to answer.  Without further provocation the Plaintiff was unlawfully placed under arrest by Hodges and Sheets.

12. That in violation of Plaintiff's clearly established constitutional rights of freedom of movement, freedom of speech, right to be free from unlawful seizure and unlawful detention, Plaintiff was forced to stop his public service reporting, had his camera confiscated, was unlawfully placed under arrest, and wrongfully detained for a period in excess of 10 hours.

13. That Plaintiff was arrested under the color of state law for allegedly trespassing upon public property. The charges against Plaintiff were tried before the municipal court of the City of Oklahoma City on January 10, 2022. After hearing testimony and evidence, the Court acquitted Plaintiff on the charges establishing by Res Judicata that Plaintiff was lawfully upon the premises at the time his rights were violated.

14. That in violating the Plaintiff's clearly established constitutional rights under the color of state law, Defendants are not entitled to qualified immunity. *See "Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 815-16, 818, 172 L.Ed.2d 565 (2009); Saucier v. Katz, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)." Swanson v. Town of Mountain View, Colo., 577 F.3d 1196 (10th Cir. 2009).

**FIRST CAUSE OF ACTION – VIOLATION OF FIRST AMENDMENT FREEDOM OF SPEECH AND FREEDOM OF THE PRESS**

COMES NOW Plaintiff and for his First Cause of Action against the Defendants incorporates numerical paragraphs 1-14 as if alleged herein, and further alleges and states as follows:

15. The actions of Sheets, Ponder and Hodges, as alleged herein, while acting as agents of the Defendant, City of Oklahoma City, constituted a blatant and unlawful "prior restraint" upon the Plaintiff's first amendment rights, depriving him of Freedom of the Press and Freedom of Speech. Furthermore, having been fully aware of the Plaintiff's

identify and occupation, the actions of the Defendants were done with the purpose and intent of punishing the Plaintiff for exercising his constitutional rights.

16. Acting as a Public Service Auditor, Plaintiff was engaged in a constitutionally protected activity as identified by the 10th Circuit in Irizarry v. Yehia, 28 F.4th 1282 (10th Cir. 2022). There is practically universal agreement that a major purpose of' the First Amendment 'was to protect the free discussion of governmental affairs. *See Ariz. Free Enter. Club's Freedom Club PAC v. Bennett*, 564 U.S. 721, 755, 131 S.Ct. 2806, 180 L.Ed.2d 664 (2011) (quoting Buckley v. Valeo, 424 U.S. 1, 14, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) (per curiam)). This purpose enables "the press ... to serve as a powerful antidote to any abuses of power by governmental officials." *Mills v. Alabama*, 384 U.S. 214, 219, 86 S.Ct. 1434, 16 L.Ed.2d 484 (1966). Filming the police and other public officials as they perform their official duties acts as "a watchdog of government activity," Leathers v. Medlock, 499 U.S. 439, 447, 111 S.Ct. 1438, 113 L.Ed.2d 494 (1991), and furthers debate on matters of public concern. The protected activity of filming police officers regarding issues of private concern is clearly established law. *See Irizarry v. Yehia*, 38 F.4th 1282 (10th Cir. 2022).

17. That the actions of Defendants, Ponder, Hodges and Sheets by arresting Plaintiff, unlawfully seizing his property, and denying him his constitutionally protected first amendment rights, caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity. Interfering with the lawful recording and reporting of Police activity is an injury. Placing Plaintiff under arrest, and unlawfully detaining him in excess of 10 hours, goes beyond simple threats and intimidations and is more than sufficient to chill a person of ordinary firmness from

continuing to perform the public service of auding governmental agencies. *See Irizarry v. Yehia*, 38 F.4th 1282 (10th Cir. 2022). Such actions give obvious clarity that the conduct of the Defendants in arresting plaintiff for exercising his constitutional rights would infringe on those rights.

18. That based upon the Defendants' knowledge of Plaintiff, his occupation of Public Service Auditing, and the fact that Plaintiff was engaged in such activities at the time of arrest would tend to show that the defendant's adverse action was substantially motivated as a response to Plaintiff's exercise of constitutionally protected conduct. *See Worrrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).

19. That as a direct result of the Defendants' actions, Plaintiff suffered injuries in the form of violation of his civil rights while being unlawfully detained for a period in excess of 10 hours.

**SECOND CAUSE OF ACTION – UNLAWFUL SEIZURE AND DETENTION**

COMES NOW Plaintiff and for his second cause of action, incorporates herein the allegations of numerical paragraph 1-19 above as if specifically pled herein, and further alleges and states as follows:

20. Defendants carried out a warrantless arrest of Plaintiff for exercising his clearly established constitutional rights upon public property. No legitimate reason existed for arresting the Plaintiff for alleged trespassing which was established by the acquittal of the Plaintiff in the municipal court proceedings. As part and parcel of the unlawful warrantless arrest the Defendants did seize the recording equipment of Plaintiff which is used as his primary tool in reporting fraud, waste and abuse in governmental agencies. That in the absence of probably cause, the lack of a warrant, seizing

Plaintiff's first amendment tools, and placing Plaintiff under arrest constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution.

21. That in the absence of probable cause, having arrested without a warrant, unlawfully detaining, and knowingly depriving Plaintiff of his First and Fourth Amendment rights, the Defendants caused injury to Plaintiff for which Defendants are liable.

### THIRD CAUSE OF ACTION – MALICIOUS PROSECUTION

COMES NOW Plaintiff and for his third cause of action against the Defendants herein and incorporates numerical paragraph 1-21 above as if specifically alleged herein, and in furtherance thereof presents and states as follows:

22. That on or about September 17, 2001, the Plaintiff was lawfully present upon real property leased by the City of Oklahoma City for parking police vehicles. Plaintiff was acquitted of the charges on January 10, 2022. Plaintiff originally filed suit on December 22, 2022, within the statute of limitation under Oklahoma Law, which was dismissed without prejudice on April 18, 2023 by this Court. This action is re-filed within one year of dismissal as contemplated by 12 O.S. §100. *See Clulow v. State of Oklahoma*, 700 F.2d 1291, 1300 (10th Cir. 1983).

23. That despite any posted signage stating that the property was closed to the public, only a small sign indicating that police vehicles only were to be parked thereon, and despite the fact that Plaintiff was well within his rights to be upon the property for the purposes of conducting an "audit" of the condition of governmental vehicles, to post on his YouTube channel in accordance with his First Amendment rights, the Defendants' arrested Plaintiff and charged him with criminal trespass upon public property in alleged violation of Chapter 30, Section 33 of the Oklahoma City Municipal Code.

24. That on or about January 10, 2022, Plaintiff appeared in municipal court to answer the charges of criminal trespass upon public property. Upon presentation of evidence, and testimony, Plaintiff was acquitted of all charges.

25. That at the time of arrest, the Defendants knew, or should have known, that Plaintiff, in exercising his First Amendment rights, was lawfully upon the property and that arresting him for the same, and subsequently subjecting him to prosecution, would be a further violation of the Plaintiff's rights.

26. Defendants' actions constituted malicious prosecution in violation of Plaintiff's Constitutional Rights.

27. As a result of the actions of the Defendants, Plaintiff has suffered compensable injury.

## FOURTH CAUSE OF ACTION – PUNITIVE DAMAGES

COMES NOW Plaintiff and for his third cause of action against the individual Defendants herein and incorporates numerical paragraph 1-27 above as if specifically alleged herein, and in furtherance thereof presents and states as follows:

28. That the actions of the Defendants, as alleged herein, were done with malicious intent to deprive Plaintiff of his Civil Rights.

29. That the actions of the Defendants herein are so egregious that punitive damages should be awarded to deter future actions by the Defendants.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff prays this Court to enter judgment in favor of the Plaintiff, and against the Defendants, awarding damages in a sum in excess of $250,000.00, costs and attorney fees, and such other and further relief as is deemed necessary and proper.

Respectfully submitted,

Jury Trial Demanded  
Attorney Lien Claimed

/s  Timothy D. Beets  
Timothy D. Beets, OBA#17758  
MidTown Attorneys, PC  
1213 N Classen Blvd  
Oklahoma City, OK 73106  
Attorney for Plaintiff  
(405) 942-5705 (T)  
(405) 942-3930 (F)  
beets@midtownattorneys.com