IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EL CRUZ LOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-804-D |
| | ) |
| OKLAHOMA CITY POLICE | ) |
| DEPARTMENT *ex rel.* CITY OF | ) |
| OKLAHOMA CITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Defendant Oklahoma City Police Department *ex rel.* City of Oklahoma City's (the City) Motion for Summary Judgment and Brief in Support [Doc. No. 23]. Plaintiff El Cruz Logan filed a response [Doc. No. 26], to which the City replied [Doc. No. 31]. The matter is fully briefed and at issue.

## **INTRODUCTION**

On September 17, 2021, Plaintiff was filming police vehicles in the Oklahoma City Police Department (OKCPD) parking lot for the purpose of conducting an "audit" of the condition of governmental vehicles [Doc. No. 1, at ¶ 23]. After an OKCPD officer told Plaintiff that he was trespassing and needed to leave the premises, Plaintiff refused to leave and was later arrested. *Id.*, ¶ 11.

Plaintiff was arrested for trespassing on public property, but he was charged with trespassing on private property. Plaintiff was allegedly detained for a period in excess of 10 hours. On January 10, 2022, the charges against Plaintiff were tried before the municipal

1

court, and Plaintiff was acquitted of the charges.

Thereafter, Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against the City and the three individual officers involved in Plaintiff's arrest: Jason Hodges, Daniel Ponder, and Autumn Sheets (the Officers). Plaintiff alleged that Defendants violated his constitutional rights under the First Amendment (freedom of speech and freedom of the press) and the Fourth Amendment (unlawful seizure and detention and malicious prosecution). Plaintiff also sought punitive damages.

The Officers moved to dismiss Plaintiff's claims on the basis of qualified immunity [Doc. No. 11]. On June 12, 2024, the Court granted the Officers' motion to dismiss and found that the Officers were entitled to qualified immunity [Doc. No. 15]. In that Order, the Court found that the Officers had probable cause for the original arrest, continued confinement, and prosecution of Plaintiff for trespassing on private property [Doc. No. 15, at 11].

In the present motion, the City, as the sole remaining defendant, moves for summary judgment on the grounds that: 1) without an underlying constitutional violation, Plaintiff's claims against the City fail as a matter of law; 2) Plaintiff has failed to otherwise establish a claim against the City pursuant to 42 U.S.C. § 1983; and 3) punitive damages are not available for a § 1983 claim against a municipality.

In response, Plaintiff "stipulates that the dismissal of the Officers disposes of Plaintiff's claims under his first, second and fourth causes of action, and stipulates that punitive damages cannot be awarded against the Defendant City." [Doc. No. 26, at 9]. Plaintiff's sole remaining claim is his § 1983 claim against the City, based on malicious

2

prosecution in violation of the Fourth Amendment.

## UNDISPUTED MATERIAL FACTS

Plaintiff is a "YouTube Journalist" who regularly publishes stories about fraud, waste, and abuse in government agencies. [Def.'s UMF No. 3; Pltf.'s Resp. to UMF No. 3]. On September 17, 2021, Plaintiff was arrested by the Officers while filming police vehicles in the OKCPD parking lot. [Def.'s UMF No. 1; Pltf.'s Resp. to UMF No. 1]. The parties agree that the parking lot had a fence and signs indicating "police vehicles only." [Def.'s UMF No. 1; Pltf.'s Resp. to UMF Nos. 1-2]. Plaintiff contends that the parking lot was not closed-off or gated and that there was not a "no trespassing" sign. [Pltf.'s Resp. to UMF No. 1].

After his arrest, Plaintiff was charged with trespassing on private property. [Def.'s UMF No. 1].[1] Plaintiff was ultimately acquitted of the charges in municipal court. [Def.'s UMF No. 2].

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the facts and evidence are such that a reasonable jury could return

---

[1] In the Court's Order on the Officers' motion to dismiss, the Court took judicial notice, pursuant to FED. R. EVID. 201(b), of "Citation 18642093X-01," indicating Plaintiff's offense was for trespassing on private property. [Doc. No. 15, at 9].

a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.* at 255. The inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## DISCUSSION

### I.   Legal Framework – Municipal Liability Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Generally, a local government may not be held liable under § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Thus, where a plaintiff seeks to hold a local governmental entity liable under § 1983, he must show that a municipal policy or custom "was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997). Specifically, a plaintiff must demonstrate 1) an official policy or custom; 2) causation; and 3) deliberate indifference. *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1145 (10th Cir. 2023).

4

### a.    Malicious Prosecution

To establish a § 1983 malicious prosecution claim, a plaintiff must show "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice, and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (abrogated on other grounds by *Thompson v. Clark*, 596 U.S. 36 (2022)).

Here, because the Court previously found that the now-dismissed Officers had probable cause for the original arrest, continued confinement, and prosecution of Plaintiff for trespassing on private property [Doc. No. 15, at 11], Plaintiff has failed to establish a constitutional violation based on malicious prosecution. *See Burke v. Regalado*, 935 F.3d 960, 1009-1010 (10th Cir. 2019) ("[S]upervisors and municipalities can be liable under § 1983 for the actions of their subordinates only if one of those subordinates committed an underlying constitutional violation.").

Additionally, even assuming Plaintiff could show an underlying constitutional violation, Plaintiff has failed to establish municipal liability under *Monell*. In his Complaint [Doc. No. 1], Plaintiff bases his malicious prosecution claim on the conduct of the Officers. Notably missing from Plaintiff's complaint are any allegations that a municipal policy or custom caused Plaintiff's injury, or any facts supporting an allegation that the City was deliberately indifferent to Plaintiff's constitutional rights. *See Lucas*, 58 F.4th at 1145; *see also Layton v. Bd. of Cnty. Comm'rs of Okla. Cnty.*, 512 F. App'x 861, 871 (10th Cir. 2013)

(unpublished) [2] (stating deliberate indifference in the municipal liability context "may be satisfied when the [defendant] has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.").

In response to the City's motion for summary judgment, Plaintiff argues—for the first time—that the City is liable for failure to train or supervise the Officers. However, Plaintiff's complaint does not allege either theory, nor does the summary judgment record support *Monell* liability for failure to train or supervise. In his response, Plaintiff argues that the OKCPD's Operations Manual [Doc. No. 26-2] is deficient in that it references trespass only three times in 729 pages and does not give officers "a clear framework under which officers must abide." [Doc. No. 26, at 18-19]. Plaintiff also utilizes the training records of the Officers to argue that the Officers received no training on how to handle arrested trespassers [Doc. No. 26, at 19-20]. However, "showing merely that additional training would have been helpful … does not establish municipal liability." *Connick v. Thompson*, 563 U.S. 51, 68 (2011). Nor has Plaintiff shown that the City was deliberately indifferent to the risk of constitutional injuries that could stem from the alleged shortcomings of the OKCPD's training on trespass. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010) ("[M]unicipal liability may be based on injuries caused by a failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused.").

---

[2] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

Upon consideration of the summary judgment record, viewed in the light most favorable to Plaintiff, Plaintiff has not established that a municipal policy was the "moving force" behind Plaintiff's injury or that the City was deliberately indifferent. Accordingly, the City is entitled to summary judgment on Plaintiff's § 1983 claim based on malicious prosecution.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment [Doc. No. 23] is **GRANTED**.[3] A separate judgment shall be entered.

**IT IS SO ORDERED** this 11th day of June, 2025.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] In light of this ruling, the parties' Joint Motion for Protective Order [Doc. No. 34] is **DENIED** as **MOOT**.